CONCURRING OPINION BY
Judge LEAVITT.
I join the decision of the panel. I write separately to address attorney fees under the Prompt Pay Act.
Section 3935 of the Prompt Pay Act authorizes the imposition of penalties and attorney fees where a government agency has “acted in bad faith” by withholding payments owed to a contractor. Section 3935 states:
(b) Attorney fees. — Notwithstanding any agreement to the contrary, the prevailing party in any proceeding to recover any payment under this subchapter may be awarded a reasonable attorney fee in an amount to be determined by the Board of Claims, court or arbitrator, together with expenses, if it is determined that the government agency, contractor or subcontractor acted in bad faith. An amount shall be deemed to have been withheld in bad faith to the extent that the withholding was arbitrary or vexatious.
62 Pa.C.S. § 3935 (emphasis added). The Prompt Pay Act “level[sj the playing field” between a government agency, which can use its taxing power to fund litigation, and a private contractor, which lacks this resource. A. Scott Enterprises, Inc. v. City of Allentown, 102 A.3d 1060, 1070 (Pa.Cmwlth.2014).
As we noted in Zaeherl I, (Pa.Cmwlth., Nos. 1904 C.D. 2011 & 530 C.D. 2012, filed May 6, 2013), the Prompt Pay Act “applies to contracts entered into by a government agency through competitive sealed bidding or competitive sealed proposals.” 62 Pa. C.S. § 3901(a) (emphasis added). For the project that generated the instant litigation, the School District contracted with Flaherty Mechanical Contractors, LLC (Flaherty) after a competitive bid required by the Separations Act, Act of May 1, 1913,' P.L. 155, as amended, 53 P.S. § 1003. One of the “contracts” covered by Flaherty’s competitive bid was Zacherl’s subcontract for the project’s sheet metal work. Stated otherwise, the price for Za-cherl’s work was produced in a competitive bid. When Flaherty did not pay its invoices, Zaeherl left the job. It returned at the request of the School District that Zaeherl complete the work under the terms to which it had agreed with Flaherty.
Litigation is the new sport of kings. The damages awarded to Zaeherl will not make Zaeherl whole because the monies will be used to pay attorney fees and costs. The Prompt Pay Act was designed to address this unfortunate result. The School District did not bid the specific contract with Zaeherl, as was required by the Separations Act, and I do not believe that government agencies should be allowed to use their own failure to comply with statutory requirements to their advantage. In James Corp. v. North Allegheny School District, 938 A.2d 474 (Pa.Cmwlth.2007), we refused to allow a school district to exploit its own failure to follow a statutory requirement to deprive a contractor of payment for his work.
Zaeherl I is the law of the case and, thus, I join the panel.